IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**LADONNA SARIA,**

    **Plaintiff,**

v.                                          Civil Action No. 2:04-cv-00382

**MASSACHUSETTS MUTUAL**
**LIFE INSURANCE COMPANY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On February 16, 2005, Massachusetts Mutual ("Mass Mutual") filed a Motion to Compel seeking Plaintiff's answers to certain of its interrogatories and requests for production of documents. (Docket # 34.)  Mass Mutual had served Plaintiff, LaDonna Saria ("Saria"), with 28 interrogatories, many of which contained subparts.  The number of interrogatories, including these subparts, exceeded the limit (50) which the parties had agreed upon.  Saria initially lodged a numerousity objection to all interrogatories, and did not answer any of them.  She later agreed to answer those interrogatories "to which [she] had no objection", and apparently selected those to which she responded.  However, certain of Saria's answers were simple references to other pleadings rather than

responses crafted to answer the interrogatory. Saria raised relevancy and undue hardship objections to various interrogatories and requests as well. Saria's responses were neither verified nor signed.

Mass Mutual filed its Motion to Compel due to (1) the lack of verification; (2) Saria's inadequate responses to Interrogatories # 4, 19, 20, 22, and 23; (3) Saria's inadequate responses to Requests for Production # 10, 11, 12, 13, and 14. Mass Mutual seeks an award of attorney's fees and costs associated with this Motion.

After the Motion to Compel was filed, both parties moved for summary judgment before the Honorable Joseph R. Goodwin. The court determined that these dispositive motions should be ruled upon before the Motion to Compel was addressed. On April 21, 2005, Judge Goodwin entered a Memorandum Opinion and Order (docket # 54) denying Mass Mutual's Motion for Summary Judgment and granting Plaintiff's Motion for Summary Judgment as to Count I of her Complaint (liability only). Judge Goodwin's Order narrows the issues to be resolved and thereby provides guidance for resolution of this outstanding discovery.

Defendant's complaints with Saria's responses are well-taken. Rule 33(b) of the Federal Rules of Civil Procedure addresses several of these:

> **(b) Answers and Objections.**
> (1) Each interrogatory shall be answered

> separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
> (2) The answers are to be signed by the person making them, and the objections signed by the attorney making them.
>
> ****
>
> (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed.R.Civ.Pr. 33(b)(1), (2), and (4)(2005).

The Southern District of West Virginia emphasized the importance of strict adherence to these rules in <u>Vica Coal Co., Inc. v. Crosby</u>, 212 F.R.D. 498 (S.D.W.Va. 2003). In that case, the defendant objected to the propounded interrogatories, but then provided answers in a letter to plaintiff's counsel. Thus, the requested information was received, but the answers were unverified. The court stated,

> The Rules require that answers to Interrogatories shall be made separately and fully under oath and signed by the party making them with the party's attorney signing any objections. The course taken by Defendant's counsel has undermined the important function and utility of Interrogatories as they have been posed by the Plaintiff in this case. Seeking information through Interrogatories is an efficient and cost-effective method of discovery and marshaling evidence for trial. Indeed, the Rules anticipate that it could lead to the

> discovery of evidence worthy of admission at trial. Rule 33(c) provides that Interrogatory answers may be used at trial "to the extent permitted by the rules of evidence." <u>Deviating from the course prescribed by the Rules in any significant manner or way therefore negates the significant opportunity to introduce evidence through Interrogatories at trial</u>.

212 F.R.D. at 505 (emphasis added).

This case raises an important point: if interrogatory responses may be used at trial, they are nothing short of testimony. When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness. Likewise, the failure to provide client verification undermines the dispositive motion process under Rule 56(c): "...The judgment sought shall be rendered forthwith if the pleadings, depositions, <u>answers to interrogatories</u>, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law..." Fed.R.Civ.Pr. 56(c)(2005).

The need for strict compliance with Rule 33 was also recognized in <u>Poole v. Textron, Inc.</u>, 192 F.R.D. 494 (D.Md. 2000). In discussing the various inadequate discovery responses therein, the <u>Poole</u> court remarked,

> In complex litigation such as this, cases are shaped, if not won or lost, in the discovery phase. The rules of discovery must necessarily be largely self-enforcing. The integrity of the discovery process rests on the faithfulness of parties and counsel to the

4

> rules–both the spirit and the letter. '[T]he discovery provisions of the Federal Rules are meant to function without the need for constant judicial intervention and...those Rules rely on the honesty and good faith of counsel in dealing with adversaries.' Hopei Garments (Hong Kong), Ltd. v. Oslo Trading Co., 1988 WL 25139 (S.D.N.Y., March 8, 1988.)

192 F.R.D. at 507.

Our Northern District cited to Poole in discussing sanctions against signers of discovery responses which are incomplete or objectively unreasonable. PLX, Inc. v. Prosystems, Inc., 220 F.R.D. 291, 296 (N.D.W.Va. 2004).

Rule 33, requiring verification and signature, is among the simplest of all the Rules of Procedure, and yet it is increasingly ignored. This court wishes to emphasize that the discovery rules are as important as the rules governing trials and judgments, and the discovery rules' requirements are mandatory, not optional. Objections are subject to Rule 11 review. Parties and attorneys alike are also subject to Rule 26(g)[1], which states:

> (2) Every discovery request, response, or objection made by a party represented by an attorney shall be signed by at least one attorney of record in the attorney's

---

[1] The Advisory Committee Notes corresponding to Rule 33 state: "Language is added to paragraph (1) of this subdivision to emphasize the duty of the responding party to provide full answers to the extent not objectionable....Paragraph (4) is added to make clear that objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived....These provisions should be read in light of Rule 26(g), authorizing the court to impose sanctions on a party and attorney making an unfounded objection to an interrogatory." Fed.R.Civ.Pr. 33, Advisory Committee Notes (2005).

>individual name, whose address shall be stated...The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after a reasonable inquiry, the request, response, or objection is:
>
>>(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law;
>>
>>(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>>(C) not unreasonable or unduly burdensome or expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation.
>
>If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.

Fed.R.Civ.Pr. 26(g)(2)(2005).

The Advisory Committee Notes to Rule 26(g) provide:

>**Subdivision (g); Signing of Discovery Requests, Responses, and Objections.** Rule 26(g) imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rules 26 through 37. In addition, Rule 26(g) is designed to curb discovery abuse by explicitly encouraging the imposition of sanctions. The subdivision provides a deterrent to both excessive discovery and

> evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.
>
> If primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse. With this in mind, Rule 26(g), which parallels the amendments to Rule 11, requires an attorney or unrepresented party to sign each discovery request, response, or objection. Motions relating to discovery are governed by Rule 11.

Fed.R.Civ.Pr. 26(g), Advisory Committee Notes (2005).

The failure to meet the simple requirement of providing verification can only be seen as a flagrant disregard of these Rules, Advisory Notes, and case precedents. The bickering between the parties herein as to the number of requests, Plaintiff's "pick-and-choose" approach to answering, and Plaintiff's answers which refer to pleadings rather than articulating responses are hardly examples of a "manner... consistent with the spirit and purposes of Rules 26 through 37" required above. This sparring wastes the parties' own valuable discovery time and ultimately forces the court to clean up a mess which could have been altogether avoided.

The court does not intend to single out these attorneys for criticism. These practices are, unfortunately, widespread. By publishing this Memorandum Opinion and Order, the court is hopeful that counsel will comply with Rule 33 as written.

While the number of interrogatories and subparts did exceed the number stipulated, the court finds good cause for directing

7

Saria to answer certain of those outstanding questions. The Complaint alleges three complex causes of action into which reasonable discovery should be permitted. First, it is essential that Saria provide sworn verification for all of her responses, and the court **ORDERS** that she do so. The court **ORDERS** Saria to answer Interrogatory No. 4, which seeks "letters, statements, photographs, video tapes, or voice recording supporting the facts set forth in the Complaint." Saria must specifically identify any responsive materials, rather than referring to other pleadings. The court finds that Interrogatory Nos. 19, 20, and 21 are irrelevant given Judge Goodwin's Order, and **DENIES** Mass Mutual's request that Saria answer the same. The court finds that Interrogatory Nos. 22 and 23 are reasonably calculated to lead to discoverable information on issues remaining for trial, and **ORDERS** that Saria shall answer these.[2]

The court finds that Request for Production Nos. 10, 11, 12,

---

[2] Interrogatory No. 19 states: "Please identify any civil action(s) or workers' compensation claim(s) by action/claim, jurisdiction, and date, filed by either of the Plaintiffs [sic] in the past fifteen (15) years."
Interrogatory No. 20 states: "Please identify the provisions of the subject policy upon which the Plaintiff, LaDonna Saria, relies to support her refusal to submit to an independent medical examination."
Interrogatory No. 21 is identical to No. 20.
Interrogatory No. 22 states: "Please identify each of the provisions of the subject policy upon which the Plaintiff, LaDonna Saria, contends that she was contractually required to comply with and the manner and dates upon which such compliance was completed."
Interrogatory No. 23 states: "Without referring to any pleading, please identify each of the provisions of the subject policy which the Plaintiffs [sic] contend were violated by the Defendant and the act(s), omission(s), person(s) and date(s) asserted in support of such contention."

13, and 14 seek information that is now irrelevant pursuant to Judge Goodwin's Order[3], and **DENIES** Mass Mutual's Motion to the extent it requests that Saria answer the same.

Saria is to provide the above responses and verification no later than May 20, 2005.

Accordingly, Defendant's Motion to Compel (docket # 34) is **GRANTED IN PART AND DENIED IN PART.** The request for attorney's fees and costs is **DENIED.**

The Clerk is instructed to transmit copies of this written opinion to all counsel of record and post this published opinion at http://www.wvsd.uscourts.gov.

**ENTER** this 9th day of May, 2005.

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge

---

[3] Request for Production No. 10 states: "Please provide a copy of the records and/or file in any worker's compensation claims field by the Plaintiff, LaDonna Saria, for the past fifteen (15) years."
Request No. 11 states: "Please provide a copy of the records and/or file in any civil action filed by the Plaintiff, LaDonna Saria, for the past fifteen (15) years."
Request No. 12 states: "Please produce a copy of your federal and state income tax returns for the past five (5) years."
Request No. 13 states: "Please produce a copy of your credit card statements for the past five (5) years."
Request No. 14 states: "Please produce a copy of any banking or investment account statements for the past five (5) years."

Counsel for Plaintiff:

John A. Kessler
Carey Scott & Douglas
1701 Bank One Center
707 Virginia Street, East
Charleston, WV 25301

Counsel for Defendant:

Ancil G. Ramey
Steptoe & Johnson
Post Office Box 1588
Charleston, WV 25326-1588